UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BRANDON ORTEGO** | **CIVIL ACTION NO. 16-56-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STEVEN HAYDEN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed <u>in forma pauperis</u> by <u>pro se</u> plaintiff Brandon Ortego ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint[1] was received and filed in this court on January 13, 2016. Plaintiff is incarcerated at the David Wade Correctional Center, in Homer, Louisiana, and alleges his civil rights were violated by prison officials. He names Steven Hayden, Angie Huff, and James LeBlanc as defendants.

Plaintiff claims he filed a grievance in the administrative remedy procedure against Steven Hayden. He claims Angie Huff assigned Steven Hayden to investigate his complaint against him in violation of the administrative remedy procedure and department regulations. Plaintiff claims Steven Hayden falsified his response to the complaint in order to hide his

---

[1] Plaintiff also made additional claims against Steven Hayden regarding his placement on suicide watch and retaliation. These claims require an answer from Defendant Hayden and have been addressed in a separate memorandum order.

illegal activity. He claims Angie Huff knew that the information provided by Steven Hayden was false and she still approved it. He claims James LeBlanc and Angie Huff deprived him of a fair and impartial review of his grievance.

Plaintiff claims that on December 9, 2015, Steven Hayden wrote a false disciplinary report against him.

Accordingly, Plaintiff seeks punitive, compensatory, and nominal damages, injunctive and declaratory relief, court costs, a jury trial, and any other relief to which he is entitled.

## LAW AND ANALYSIS

**Administrative Remedy Procedure Claims**

Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F. Supp.2d 626 (W.D. La. 2000); Brown v. Dodson, et al., 863 F. Supp. 284 (W.D. Va. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231.

Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. Flick, supra. Thus, insofar as Plaintiff alleges that the Defendants denied his

constitutional rights in the prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983. Accordingly, these claims should be dismissed with prejudice as frivolous.

**False Disciplinary Report Claim**

Plaintiff claims Steven Hayden wrote a false disciplinary report against him. However, Plaintiff has no right which protects him from being charged with a disciplinary offense. Evans v. Cunningham, 2016 WL 3951157 (N.D. W. Va.). This is true regardless of the truth of the initial report. Freeman v. Rideout, 808 F.2d 949, 952 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984); Cardine v. Tucker, 23 F.3d 406 (Table), 1994 U.S. App. LEXIS 17566 (6th Cir. 1994). Accordingly, Plaintiff's claim against Steven Hayden regarding a false disciplinary report should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time before or after service of process and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke

v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims regarding the administrative remedy procedure and false disciplinary report be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). Plaintiff's claims against Steven Hayden regarding his placement on suicide watch and retaliation remain pending.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 31st day of August, 2016.

Mark L. Hornsby
U.S. Magistrate Judge