UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BRANDON ORTEGO | CIVIL ACTION NO. 16-cv-0056 |
| VERSUS | JUDGE HICKS |
| STEVEN HAYDEN, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Brandon Ortego ("Plaintiff") is a self-represented prisoner housed at the David Wade Correctional Center. He alleges in his complaint that mental health worker Steven Hayden improperly handled Plaintiff's suicide threat, prison officials improperly handled the resulting administrative grievance filed by Plaintiff, and that Hayden wrote a disciplinary report against Plaintiff that was false and in retaliation for the grievance.

The court earlier conducted a review of the complaint and dismissed the claims based on alleged improper handling of the grievance[1] and the alleged falsity of the disciplinary report.[2] Docs. 17 & 30. The court ordered that Hayden, the only remaining defendant, respond to the claims about his handling of the suicide threat and the allegation of retaliation.

---

[1] A prisoner "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005).

[2] An allegation that a disciplinary charge was false does not state an actionable claim under 42 U.S.C. § 1983. Jackson v. Mizzel, 361 Fed. Appx 622, 626 (5th Cir. 2010); Williams v. Dretke, 306 Fed. Appx. 164, 166 (5th Cir. 2009).

Hayden has filed a Motion for Summary Judgment (Doc. 49) that is now before the court. For the reasons that follow, it is recommended that Hayden's motion be granted and that all claims against him be dismissed.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Suicide Watch**

 **A. Relevant Allegations and Evidence**

Plaintiff alleged in his complaint that he declared himself a mental health emergency

because he was suicidal. Officers on the tier summoned Steven Hayden, who is the Director of Mental Health Service at the prison. Plaintiff alleges that Hayden interviewed him and told him he was going to place Plaintiff on suicide watch and return him to his same cell. Plaintiff allegedly responded that he would kill himself if put back in the same cell, but Hayden told him the assignment was pursuant to policy so that a non-suicidal cellmate could watch Plaintiff. Plaintiff alleges that he later took his cellmate's shoe strings and tried to hang himself from cell bars, but an officer saw what he was doing and stopped him. Plaintiff was then moved to a suicide camera cell.

Steven Hayden's motion for summary judgment is supported by his affidavit and various prison records. Hayden testified that Plaintiff initially said that he was in a relationship with another prisoner, Dickie Anderson, and Anderson wanted Plaintiff out of the cell where he was housed with another inmate. Hayden testified that he told Plaintiff that fellow offenders cannot dictate housing arrangements, so Plaintiff would not be moved. Plaintiff then became angry and said that he was suicidal.

Hayden ordered that Plaintiff be placed on standard suicide watch. Department policy states that the inmate should generally be placed in the least restrictive setting possible and not be isolated unless their behavior indicates. Hayden's order directed housing in a camera cell, if available, with a paper gown without strings, and boxer shorts if double bunked. Hayden indicated that Plaintiff was able to be double bunked, and he should be observe every 15 minutes and at random. Watch logs show that other officers frequently observed Plaintiff and made note of his behavior.

Reports from other officers are attached to Plaintiff's Memorandum in Opposition (Doc. 55), and they indicate that Plaintiff later tied a sheet (not shoestrings) to his cell bars and began to tie it around his neck. Plaintiff told an officer that he wanted to kill himself. The purported attempt was stopped before Plaintiff did any harm to himself, and he was moved to a cell by himself. Plaintiff's friend, Dickie Anderson, declares under penalty of perjury that he never told Plaintiff to move out of his cell, and he denies having any problem or conflict with Plaintiff's cellmate. Anderson also stated that Hayden never spoke to him about the situation with Plaintiff.

**B. Legal Analysis**

For a convicted prisoner to prevail on a claim that his medical care (or lack of care) violated the Constitution, he must prove that prison or jail officials were "deliberately indifferent" to his "serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 97 S.Ct. at 291-92.

Summary judgment evidence does not disclose a genuine dispute of material fact with regard to this claim. Plaintiff is apparently unhappy that Hayden elected to respond to his claim of being suicidal by keeping him in his original cell, rather than moving Plaintiff. Plaintiff makes much of the quibble over whether he feigned the suicide claim in an effort to be moved from his cell or whether it was a legitimate claim that had nothing to do with his cellmate/boyfriend situation. Frankly, it doesn't matter.

What does matter is that Hayden responded to the claim by immediately placing Plaintiff on suicide watch and imposing reasonable conditions (paper gown without strings, cellmate to monitor him, frequent observations by officers, etc.). Those conditions may not have been the ones that Plaintiff would have chosen, but disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a constitutional claim for indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Hayden responded promptly and reasonably to the threat. There is no evidence that Hayden was deliberately indifferent to Plaintiff's complaint of being suicidal, so Hayden is entitled to summary judgment on this claim. Furthermore, officers have been afforded qualified immunity when they took similar precautionary steps following suicide threats, even when the steps were sometimes unsuccessful in preventing a suicide attempt. Hare v. City of Corinth, 135 F.3d 320, 329 (5th Cir. 1998) (collecting cases).

**Retaliation**

Plaintiff alleges that Hayden issued him a false disciplinary report in retaliation for the grievance Plaintiff filed about the suicide watch. Prison officials may not retaliate against a prisoner for exercising his First Amendment right of access to the courts, or for complaining through proper channels about a guard's misconduct. Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006); Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir.1995). To state a Section 1983 retaliation claim, an inmate must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3)

a retaliatory adverse act, and (4) causation. Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).

The suicide watch event happened on April 15, 2015, and Plaintiff soon afterward filed an administrative grievance against Hayden. The unit head issued a step one response in July 2015 that found no merit in the grievance. Plaintiff sought review from the Secretary of the DOC, and a denial issued October 9, 2015. Plaintiff alleges that Hayden issued him the a disciplinary report two months later, on December 9, 2015, in retaliation for the grievance. Plaintiff alleges that the report caused him to be transferred to maximum security and lose several privileges.

Mere conclusory allegations of retaliation are insufficient. Id. The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may plausibly be inferred. Id. at 325; Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). The inmate must show that "but for" some retaliatory motive, the complained of adverse action would not have occurred. Woods, 60 F.3d at 1166.

Hayden's evidence shows that Plaintiff was first issued a disciplinary report by another officer. Hayden later spoke with Plaintiff when he was making mental health rounds. Hayden testified that Plaintiff appeared agitated and began to talk about the details of the recent report he was issued. According to Hayden's affidavit and the disciplinary report he wrote, Plaintiff said, "A bitch ass little cadet wrote me up on some bullshit and I'm glad they got who they do holding court cause they are fixin to see something when the real court bites their retarded asses for not knowing what the f*** they are doing." Hayden also wrote that

Plaintiff said he planned to file a lawsuit against the prison. Hayden issued a report for violation of Rule 30K for engaging in generally prohibited communications of a malicious, frivolous, or false nature against the staff. He denies that he did so in retaliation for Plaintiff filing a grievance.

Plaintiff's opposition includes declarations from inmates Matthew Carroll and Jeremy Kirk in which they each stated that they overheard the conversation between Hayden and Plaintiff. They said that Plaintiff described his prior disciplinary report and resulting penalty and said his medication was working. Carroll and Kirk stated that Hayden then left the area. With respect to the more colorful aspects of the conversation that Hayden recorded in his report, neither Carroll nor Kirk mentions them or specifically denies that they took place.

The Fifth Circuit, fearful of conclusory and frivolous claims of retaliation, has instructed that "trial courts must carefully scrutinize these claims." Woods., 60 F.3d at 1166. The inmate must be able to establish the violation of a specific constitutional right and that, but for the retaliatory motive, the defendant would not have issued the disciplinary charge. This places a "significant burden" on an inmate and "[m]ere conclusionary allegations of retaliation will not withstand a summary judgment challenge." Id. The inmate must produce direct evidence of motivation or set forth a chronology of events from which retaliation may plausibly be inferred. Id.

Plaintiff has not produced any direct evidence that Hayden issued the report based on retaliation. There is no evidence or even allegation that Hayden stated he was issuing a report because of the prior grievance. Approximately eight months passed between the

suicide watch incident and the disciplinary report, and it had been two months since the Secretary issued a final decision on the grievance. Thus, neither the chronology of events nor any other circumstances support a plausible inference of retaliatory intent sufficient to defeat a summary judgment challenge. Hayden is entitled to summary judgment on this final claim.

Accordingly,

**IT IS RECOMMENDED** that Steven Hayden's **Motion for Summary Judgment (Doc. 49)** be **granted** and that all claims against Steven Hayden be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of September, 2017.

*Mark L. Hornsby*
U.S. Magistrate Judge